81 So.2d 676

## In re OPINION OF THE JUSTICES.

### No. 142.

Supreme Court of Alabama.

July 11, 1955.

The House of Representatives
State Capitol
Montgomery, Alabama

Dear Sirs:

We are in receipt of House Resolution No. 6, which in pertinent part reads:

"Resolved By The House of Representatives, that the Justices of the

150

Supreme Court, or a majority of them, are respectfully requested to give this body their written opinions concerning the following important constitutional question which has arisen in connection with S. 2 by Messrs. Lamberth, Flowers, et al, a bill for an act to provide for the calling of a convention to revise and amend the Constitution of this State, which is now pending in the Legislature.

"Question 1. Do the provisions of Section 3 of the bill providing that candidates for delegates must be nominated in a primary election violate Section 190 of the Constitution?"

Section 190 of the 1901 Constitution of Alabama reads:

"The legislature shall pass laws not inconsistent with this constitution to regulate and govern elections (a) and all such laws shall be uniform throughout the state; and shall provide by law for the manner of holding elections and of ascertaining the result of the same, and shall provide general registration laws not inconsistent with the provisions of this article for the registration of all qualified electors from and after the first day of January, nineteen hundred and three. The legislature shall also make provision by law, not inconsistent with this article, for the regulation of primary elections, (a) and for punishing frauds at the same, *but shall not make primary elections compulsory.* The legislature shall by law provide for purging the registration list of the names of those who die, become insane, or convicted of crime, or otherwise disqualified as electors under the provisions of this constitution, and of any names which may have been fraudulently entered on such list by the registrars; provided, that a trial by jury may be had on the demand of any person whose name is proposed to be stricken from the list." (Emphasis supplied.)

As far as we can determine, the only language in Section 190 of the Constitution

which could possibly be pertinent to your inquiry is that which we have italicized above. The provisions of Section 3 of Senate Bill No. 2, if we understand those provisions correctly, do not require the holding of a primary election. We answer your inquiry in the negative.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
PELHAM J. MERRILL
JAMES J. MAYFIELD
Associate Justices

While the question asked may be said to *assume* that Section 3 of Senate Bill No. 2 provides that candidates for delegates to the convention *must* be nominated in a primary election, it seems to me that that assumption is clearly warranted, since it accords with the obvious effect of Section 3 of the Bill. Being so, I think the question should be answered on the basis of the assumption, and that the answer should be "Yes." It is apparent that Section 3 is patterned after Section 3 of the Act calling the 1901 convention, Act No. 102, approved December 11, 1900, Gen. Acts of Alabama 1900–01, pp. 224, 225. However, one material difference relates to the manner of getting the names of candidates on the ballots. In the 1900 Act it is provided as follows:

"The names of all candidates to represent the county in which the voter lives shall be placed upon the official ballot for the county in which the elector casts his vote, *who may have been put in nomination by some party convention or caucus or mass meeting or by petition,* as now provided by law for the nomination of candidates for county offices in the general election." (Emphasis supplied.)

Section 3 of Senate Bill No. 2 contains the following:

"The names of all candidates to represent the county in which the voter lives shall be placed upon the official

ballot from the county [in] which the elector casts his vote, *who may have been nominated in a primary election held for that purpose,* as now provided by law for the nomination of candidates for county offices in the general election. * * *" (Emphasis supplied.)

It seems clear to me that the end result of the provision in Section 3 is to make the nomination of candidates in primary elections compulsory, thereby conflicting with § 190, Constitution 1901, supra. The only way provided in Senate Bill No. 2 for getting a candidate's name on the ballot is by a primary election, thus excluding any other method. That effectively compels the holding of primary elections notwithstanding the use of the permissive "may."

I would answer the question, "Yes."

Respectfully submitted,

JOHN L. GOODWYN
Associate Justice